IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

TIMOTHY SMITH,

        Plaintiff,        Civil Action No.
                                     3:17-CV-0286 (GTS/DEP)

    v.

SPERO PINES, *et al.*,

        Defendants.
_____

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

TIMOTHY SMITH, *Pro se*
1 Balcom Avenue
Apartment 2R
Binghamton, NY 13905

FOR DEFENDANTS:

[NONE]


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION, AND ORDER

    This is a civil rights action brought by *pro se* plaintiff Timothy Smith pursuant to 42 U.S.C. §§ 1983, 1985 against a family court judge, a private attorney, an individual employed by the Broome County

Department of Social Services, and a person affiliated with "Berkshire Farm." Plaintiff's complaint is accompanied by a motion for leave to proceed *in forma pauperis* ("IFP").

Plaintiff's complaint and IFP application have been forwarded to me for review. Based upon my consideration of those documents, plaintiff's request for leave to proceed without prepayment of fees is granted. I recommend, however, that plaintiff's claims be dismissed based upon the domestic relations exception to this court's jurisdiction and the *Rooker-Feldman* doctrine.

I.  BACKGROUND

Plaintiff commenced this action on March 13, 2017. Dkt. No. 1. His complaint in the matter was accompanied by an application for leave to proceed without prepayment of fees or costs. Dkt. No. 2.

In his complaint, plaintiff alleges that on March 11, 2016, defendant Spero Pines, a Broome County Family Court judge, ordered that plaintiff's three young children be transferred into the custody of the Broome County Department of Social Services. Dkt. No. 1 at 4. Defendant Ronald Lanouette, Esq., was appointed by the court to represent plaintiff in connection with the family court proceedings involving the custody of his children. *Id.*

Following the temporary removal of plaintiff's children and an investigation into the matter, a hearing was conducted on September 27, 2016, to determine whether the removal of the children should become permanent. Dkt. No. 1 at 5. Plaintiff alleges that, during the course of the hearing, defendants John Tkach, a case manager with the Broome County Department of Social Services and/or Child Protective Services ("CPS"), and Ticia Eaves, a case planner for Brookshire Farm, lied, including when they testified that plaintiff had refused to submit to a drug test. *Id.* at 3, 5. Plaintiff avers that while in the custody of CPS and Berkshire Farm, his three children have experienced abuse. *Id.* at 5. In his complaint, plaintiff asserts claims under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and, as relief, requests the return of his children and an award of damages in the amount of $13 million. *Id.* at 3-7.

A. IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28

U.S.C. § 1915(a)(1).[1] Because I conclude that plaintiff satisfies the requirements to qualify for IFP status, his application for leave to proceed without payment of the requisite filing fee is granted.[2]

   B.   Sufficiency of Plaintiff's Complaint

      1.   Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[1] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[2] Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino*

*v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although

the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

  2. <u>Analysis of Plaintiff's Claims</u>

    a. <u>Domestic Relations Exception</u>

Plaintiff's complaint involves matters that draw into question the court's subject matter jurisdiction. Federal district courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). In accepting matters for adjudication, district courts must insure that the subject matter requirement is met, and may raise the question of jurisdiction *sua sponte* at any point in the litigation. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 107 (2d Cir.1997) ("[A] challenge to subject

matter jurisdiction . . . may be raised . . . *sua sponte*." (quotation marks and alterations omitted)). "Where jurisdiction is lacking, . . . dismissal is mandatory." *United Food & Commercial Workers Union, Local 919, AFL–CIO v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff's federal claims in this action are brought under 42 U.S.C. §§ 1983, 1985, and are couched in terms of constitutional deprivations. *See generally* Dkt. No. 1. Ordinarily, the court would possess subject matter jurisdiction over such claims. 28 U.S.C. §§ 1331, 1343. There exists, however, a judicially recognized exception to federal subject matter jurisdiction in matters involving domestic relations. *Ankenbrandt v. Richards*, 504 U.S. 689, 701-04 (1992); *Thomas v. N.Y.C.*, 814 F. Supp. 1139, 1146 (E.D.N.Y. 1993). Specifically, the Supreme Court has "recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'"[3] *Elk Grove*

---

[3] "[A]lthough the domestic relations exception originated in the context of diversity cases, some courts have applied the exception in cases based upon federal question jurisdiction since the policy considerations which underlie the domestic relations exception may apply with equal force in cases arising under the court's federal question jurisdiction." *Thomas*, 814 F. Supp. at 1146 (citations omitted).

*Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004) (quoting *Ankenbrandt*, 504 U.S. at 703).

The domestic relations exception recognizes that "the states have traditionally adjudicated marital and child custody disputes and therefore have developed competence and expertise in adjudicating such matters, which federal courts lack." *Thomas*, 814 F. Supp. at 1146 (citing *Ankenbrandt*, 504 U.S. at 703-04). "The doctrine also rests on the idea that state courts are peculiarly suited to enforce state regulations and domestic relations decrees involving alimony and child custody particularly in light of the fact that such decrees often demand substantial continuing judicial oversight." *Id.*

In this case, while plaintiff has invoked his constitutional rights and has sought monetary damages as part of the relief requested, it is clear from his complaint that the primary focus of his claims is aimed at regaining custody of his infant children. *See, e.g.,* Dkt. No. 1 at 6 (requesting an order directing that plaintiff's three younger children be returned to the plaintiff "immediately"). As the Second Circuit has noted, where tort claims "begin and end in a domestic dispute," state courts are better suited to adjudicate the claims. *See Schottel v. Kutyba*, No. 06-1577, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) (affirming, based on

the domestic relations exception, the district court's dismissal of the plaintiff's complaint alleging, *inter alia*, that the defendants "fraudulently misrepresented to the court the former couple's residence in order to file divorce proceedings in New York," and, as a result, plaintiff was "deprived of custody and visitation rights").

In light of plaintiff's request that the court issue an injunction ordering the return of his children, it is clear that his claims center around a child custody dispute litigated in state court. Dkt. No. 1 at 7. Because the complaint concerns state law domestic relations matters, and, in particular, because plaintiff seeks to have state court determinations regarding custody overturned and the return of his children, I recommend that the part of the claim in this action seeking the return of plaintiff's three children be dismissed for lack of subject matter jurisdiction.[4] *Schottel*, 2009 WL 230106, at *1; *Chadee v. Kaufman*, No. 12-CV-3098, 2012 WL 2564408, at *2 (E.D.N.Y. June 26, 2012) (dismissing the plaintiff's claims challenging the order granting custody of her child to the father, notwithstanding the fact that the plaintiff had invoked her constitutional rights); *McKnight v.*

---

[4] If plaintiff had asserted constitutional claims associated with actions of the defendants in connection with the state court matters and sought only money damages, the domestic relations exception might not apply. *See Thomas*, 814 F. Supp. at 1146-47.

10

*Middleton*, 699 F. Supp. 2d 507, 519-20 (E.D.N.Y. Mar. 29, 2010) (dismissing those claims that (1) claim injury from the family court's custody orders, (2) allege breach of custody agreement, and (3) challenge the specific placement of a child pursuant to the family court's order).

        b.    *Rooker-Feldman*

Another impediment to plaintiff invoking this court's jurisdiction in the matter is the *Rooker-Feldman* doctrine,[5] which recognizes that, except for the Supreme Court, federal courts are not authorized to exercise appellate jurisdiction over state-court judgments. *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007). Under the *Rooker-Feldman* doctrine, a district court lacks jurisdiction to consider a plaintiff's claim when "(1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *McKithen*, 626 F.3d at 154 (citation omitted). The *Rooker-Feldman* doctrine relates to "lack of subject matter jurisdiction, and may be raised at any time by either party or sua sponte by the court." *Moccio v. N.Y.S. Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir. 1996) (citations

---

[5]     *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

omitted), *abrogated on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).

This preclusion "merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, a role which Congress has reserved to [the Supreme Court]." *Verizon Md. Inc. v. Public Svc. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002). In other words, district courts do not have jurisdiction to hear cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284.

"A plaintiff may not overcome the doctrine and seek a reversal of a state court judgment 'simply by casting his complaint in the form of a civil rights action.'" *Rabinowitz v. N.Y.*, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (quoting *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)). "[A] federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *McKithen*, 481 F.3d at 97 (quotation marks omitted).

In this case, plaintiff's complaint squarely challenges the Broome County Family Court's determination that resulted in the removal of his children from his custody. As such, this action represents an impermissible collateral attack on a state court determination and is therefore precluded by the *Rooker-Feldman* doctrine.

### c. Plaintiff's Claims Asserted Against Pines

Plaintiff's claims asserted against defendant Pines are also subject to dismissal based upon a separate and independent ground. "It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities." *DuQuin v. Kolbert*, 320 F. Supp. 2d 39, 40-41 (W.D.N.Y. 2004) (citing *Mireles v. Waco*, 502 U.S. 9, 10 (1991)); *see also Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). This is true however erroneous an act may have been, and however injurious its consequences were to the plaintiff. *Young*, 41 F.3d at 51. Because defendant Pines is a sitting judge whose official function is at the heart of plaintiff's claims against him, he is entitled to judicial immunity from suit. Accordingly, I recommend that plaintiff's claims asserted against defendant Pines be dismissed on this basis.

> d. Plaintiff's Claims Asserted Against Defendant Lanouette

Plaintiff asserts causes of action against defendant Lanouette, who, according to plaintiff, was his "court appointed lawyer" during the Broome County Family Court proceedings. Dkt. No. 1 at 2. Because it is well settled that court-appointed attorneys do not act under color of state law, which is a prerequisite to any claim asserted under 42 U.S.C. § 1983, *see, e.g., Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005), I recommend that plaintiff's claims asserted against defendant Lanouette be dismissed. *See, e.g., Fisk v. Letterman*, 401 F. Supp. 2d 362, 378 (S.D.N.Y. 2005) (collecting cases).

## C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not

required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, although I am doubtful that plaintiff can navigate around the domestic-relations exception and *Rooker-Feldman* doctrine discussed above, in light of plaintiff's *pro se* status, I nonetheless recommend that he be granted leave to amend his complaint so he can attempt to cure the deficiencies identified in this report. This recommendation, however, does not apply to plaintiff's claims asserted against defendants Pines and Lanouette because the claims asserted against those individuals fail for substantive reasons that cannot be cured with better pleading. Accordingly, I recommend that plaintiff be granted leave to amend his

complaint asserted against all defendants, except with respect to defendants Pines and Lanouette.

If plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or

incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III. <u>SUMMARY, RECOMMENDATION, AND ORDER</u>

Having reviewed plaintiff's request for leave to proceed IFP, I find that he qualifies for that status. I further conclude, however, that plaintiff's complaint does not meet the requirements of 28 U.S.C. § 1915(e) because this court lacks jurisdiction over plaintiff's claims as currently pleaded. Accordingly, it is hereby

ORDERED that plaintiff's motion for leave to proceed without prepayment of fees (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiff's claims in this action be DISMISSED with leave to replead within thirty days of the date of any order adopting this report and recommendation, except as to defendants Pines and Lanouette, who should both be dismissed from the action without leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[6] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

The clerk of the court is respectfully directed to serve a copy of this report, recommendation, and order on plaintiff in accordance with the local rules of practice for this court.

Dated: May 11, 2017
        Syracuse, New York

_David E. Peebles_
David E. Peebles
U.S. Magistrate Judge

---

[6] If you are proceeding *pro se* and are served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).