UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TIMOTHY SMITH,

                          Plaintiff,

v.                                                    3:17-CV-0286
                                                    (GTS/DEP)

SPERO PINES, Broome Cty. Family Court Judge;
RONALD LANOUETTE, Broome Cty. Family
Court Lawyer; JOHN TKACH, DSS Case Manager;
and TICIA EAVES, Berkshire Case Planner,

                          Defendants.
_____

APPEARANCES:

TIMOTHY SMITH
  Plaintiff, *Pro Se*
6 Main Street Terrace, Apt. 2A
Johnson, New York 13790

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Timothy Smith ("Plaintiff") against the four above-captioned individuals ("Defendants") arising out of the transfer of his children to the custody of the Broome County Department of Social Services ("DSS"), is United States Magistrate Judge David E. Peebles' Report-Recommendation recommending that Plaintiff's claims against Defendants Tkach and Eaves be dismissed with leave to replead through an Amended Complaint within thirty (30) days of the date of any Court Order adopting the Report-Recommendation, but that Plaintiff's claims against Defendants Pines and Lanouette be dismissed without leave to replead. (Dkt. No. 4.) Plaintiff has not filed an Objection to the Report-Recommendation, and the deadline in which to do so has expired. (*See*

*generally* Docket Sheet.) Instead, Plaintiff has filed an Amended Complaint as of right pursuant to Fed. R. Civ. P. 15(a)(1)(A).[1] (Dkt. No. 5.)

Ordinarily, an amended complaint supersedes an original complaint in all respects.[2] As a result, the filing of an amended complaint may effectively moot a report-recommendation to the extent the report-recommendation recommends the dismissal of a claim that is asserted in a complaint but not in the amended complaint.[3] However, here, Plaintiff's Amended Complaint (although abandoning his claims against Defendants Pines and Lanouette) attempts to correct the pleading defects (identified by Magistrate Judge Peebles) in his claims against Defendants Tkach

---

[1] The Court notes that, by the time he filed his Amended Complaint, Plaintiff had not yet served his original Complaint, eliminating the need for a motion to amend. *See, e.g., Smith v. Schweiloch*, 12-CV-3253, 2012 WL 2277687, at *3 (S.D.N.Y. June 18, 2012) ("The complaint has not yet been served. Smith therefore does not need to seek the Court's leave to file an amended complaint."). The Court notes also that this case is distinguishable from *Cresci v. Mohawk*, No. 15-3234, 2017 WL 2392470 (2d Cir. June 2, 2017), for two alternative reasons: (1) in this case, Plaintiff did not file a motion to amend but an Amended Complaint as of right; and (2) in this case, Plaintiff was not notified of the pleading defects in his original Complaint through the mere motion to dismiss of a defendant but through a Report-Recommendation of a Magistrate Judge (which was dispositive unless clearly erroneous, because he choose not to challenge it).

[2] *See Int'l Controls Corp. v. Vesco,* 556 F.2d 665, 668 (2d Cir.1977) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."); 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, at 556-57 (2d ed. 1990) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified."); *cf*. N.D.N.Y. L.R. 7.1(a)(4) ("[T]he proposed amended pleading . . . will supersede the pleading sought to be amended in all respects.").

[3] *See Gasaway v. Williams*, 11-CV-0549, 2012 WL 264611, at *4 (N.D.N.Y. Jan. 30, 2012) (Suddaby, J.) ("Of course, to the extent that Plaintiff's Amended Complaint corrects the pleading deficiencies identified in the Report–Recommendation, the Report-Recommendation has been rendered moot."); *cf*. 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, at 556-57 (2d ed. 1990) ("[P]laintiff may file a new complaint that does not refer to or adopt any of the deficient allegations in the original pleading; if the first complaint is considered superseded by the amendment, the court is not required to dismiss the suit when a motion points up the weaknesses of the earlier pleading.").

and Eaves, and attempts to assert *similar* claims against the Broome County Department of Social Services itself, nine additional employees thereof, and Berskshire Farm Center. (Dkt. No. 5.) Moreover, the Court continues to be shouldered with the statutory duty to review the pleading sufficiency of this *in forma pauperis* plaintiff's amended claims (which do not appear dramatically different from those asserted in his original Complaint). 28 U.S.C. § 1915(e)(2)(B). As a result, the Court finds that much, if not the entirety, of the Report-Recommendation has *not* been mooted;[4] and the Court will therefore review the Report-Recommendation.

When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

After carefully reviewing the relevant papers herein, including Magistrate Judge Peebles' thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation. Magistrate Judge Peebles employed the proper standards, accurately recited

---

[4]  *See Praileau v. Fischer*, 930 F. Supp.2d 383, 392 (N.D.N.Y. 2013) (Suddaby, J.) ("Magistrate Judge Treece's Report-Recommendation has not been mooted by the filing of Plaintiff's Amended Complaint, because the Amended Complaint repeats the two pleading defects identified in the original Complaint."); *cf.* 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, at 556-57 (2d ed. 1990) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion [to dismiss] as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.").

the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.  Plaintiff's claims against Defendants Tkach and Eaves in his original Complaint are deemed to be formally defective and in need of correction through an Amended Complaint or they will be dismissed with prejudice; and Plaintiff's claims against Defendants Pines and Lanouette in his original Complaint are deemed to be substantively defective and not capable of reassertion.

Finally, the Court returns this matter to Magistrate Judge Peebles for his review of the pleading sufficiency of the Amended Complaint (and his management of pretrial matters).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's claims against Defendants Tkach and Eaves in his original Complaint are deemed to be formally defective and in need of correction through an Amended Complaint or they will be **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's claims against Defendants Pines and Lanouette in his original Complaint are deemed to be substantively defective and not capable of reassertion; and it is further

**ORDERED** that the Clerk of the Court shall amend the docket so as to **TERMINATE** Spero Pines and Ronald Lanouette as Defendants in this action, but to **ADD** as Defendants the additional entities and individuals identified in the Amended Complaint (i.e., the Broome County Department of Social Services, Traci Ziegenhagen, Katrina Tokos, Julia Hepworth, Jessica Layman, Susan Patterson, Marissa Carter, Kathleen Santoni, John Choynowski, Jon Peterson, and Berskshire Farm Center); and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 5) is returned to Magistrate Judge Peebles for his review pursuant to 28 U.S.C. § 1915(e).

Dated: June 16, 2017
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge