IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

TIMOTHY SMITH,

        Plaintiff,        Civil Action No.
                                       3:17-CV-0286 (GTS/DEP)

      v.

JOHN TKACH; *et al.*,

        Defendants.

_____

APPEARANCES:                  OF COUNSEL:

FOR PLAINTIFF:

TIMOTHY SMITH, *Pro se*
6 Main Street
Apartment 2A
Johnson, NY 13790

FOR DEFENDANTS:

[NONE]

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

    This is a civil rights action brought by *pro se* plaintiff Timothy Smith pursuant to 42 U.S.C. §§ 1983, 1985. Although plaintiff's original complaint included additional defendants, currently pending for review is plaintiff's

amended complaint, which asserts causes of action against the Broome County Department of Social Services ("DSS"), an entity identified as the Berkshire Farm Center ("Berkshire"), and several individuals employed by either the DSS or Berkshire.

Following the court's review of plaintiff's original complaint and accompanying application to proceed in the action *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(e), plaintiff's claims against two of the defendants were dismissed with prejudice, while the remaining claims were dismissed with leave to replead. Plaintiff has availed himself of the opportunity to file an amended complaint, which has again been referred to me for review pursuant to section 1915(e). For the reasons set forth below, I recommend that plaintiff's claims against defendant DSS and his Fifth Amendment claim be dismissed but that plaintiff's amended complaint be otherwise accepted for filing and the remaining defendants be directed to respond.

I.  BACKGROUND

Plaintiff commenced this action on March 13, 2017, with the filing of a complaint and accompanying application to proceed in the matter IFP. Dkt. Nos. 1, 2. Those documents were forwarded to me for review, pursuant to section 1915(e). On May 11, 2017, I issued a report

recommending that, with two exceptions, all of plaintiff's causes of action asserted against all of the named defendants be dismissed without prejudice to plaintiff's right to file an amended complaint. Dkt. No. 4 at 17. I also recommend that two of the named defendants, a sitting judge and a court-appointed attorney, be dismissed from the action with prejudice. *Id.* While my report was pending before the assigned district judge for review, plaintiff filed an amended complaint attempting to cure the deficiencies identified in my report with respect to his original complaint. Dkt. No. 5. Shortly thereafter, Chief District Judge Glenn T. Suddaby adopted my recommendations and referred plaintiff's amended complaint back to me for review pursuant to section 1915(e).

Plaintiff's amended complaint concerns child abuse and neglect allegations that were brought against him by caseworkers and other individuals working for defendant DSS in 2016 and 2017. *See generally* Dkt. No. 5. In particular, plaintiff alleges that defendants Traci Ziegenhagen, Katrina Tokos, Julia Hepworth, Jessica Laymon, Susan Patterson, Marissa Carter, Kathleen Santoni, John Tkach, John Choynowski, and Jon Peterson, all of whom were employed by defendant DSS as either a caseworker or a director, issued to plaintiff a indicated report or a permanency hearing report accusing plaintiff of child abuse and

maltreatment of his children and step children. *Id.* at 3-9. Plaintiff alleges that the allegations of abuse and maltreatment are false and that defendants fabricated the reports. *Id.* Plaintiff further alleges that on or about March 11, 2016, defendant DSS removed his three children from the custody of the children's grandfather and that plaintiff was issued three restraint orders. *Id.* at 3.

Plaintiff also alleges in the amended complaint that he visits his children at defendant Berkshire, where his children presumably reside. Dkt. No. 5 at 9. Plaintiff alleges that his children are physically abused at defendant Berkshire and that he has discovered multiple injuries to his children during his visits, including bruises, scratches, blood, and scars. *Id.* at 10. Attached to plaintiff's amended complaint are several photographs that he has collected of his children's injuries. Dkt. No. 5-1 at 1-4.

The amended complaint also contains allegations against defendant Ticia Eaves, who is identified as a family specialist employed at defendant Berkshire. Dkt. No. 5 at 10. Although the underlying context is not clear from the amended complaint, plaintiff alleges that on May 23, 2010, defendant Eaves falsely accused him of having mental health and unaddressed anger issues that interfere with his ability to effectively parent his children. *Id.* Defendant Eaves is also alleged to have falsely accused

4

plaintiff of having a criminal history and being unable to demonstrate that he can provide stable housing. *Id.* at 11.

Plaintiff asserts constitutional claims arising under the Fourth, Fifth, and Fourteenth Amendments against all of the named defendants. Dkt. No. 5 at 12-13. He seeks only monetary damages in relief in the amount of $30 million. *Id.* at 13.

II. <u>DISCUSSION</u>

    A.   <u>Legal Standard Governing Review of Plaintiff's Amended Complaint</u>

Because plaintiff is proceeding in this matter without prepayment of filing fees, I must consider the sufficiency of the claims set forth in his amended complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint

5

before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements

7

of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

    B.    <u>Defendant DSS</u>

Plaintiff's amended complaint names defendant DSS, an entity not sued in plaintiff's original complaint. *Compare* Dkt. No. 1 *with* Dkt. No. 5. Under New York law,[1] a department or agency of a municipal entity "is merely a subdivision of the municipality and has no separate legal existence." *Hoisington v. Cnty. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999). Accordingly, municipal departments and agencies, like defendant DSS, are not amenable to suit. *See Hoisington*, 55 F. Supp. 2d at 214 (dismissing causes of action asserted against defendant Sullivan County Department of Social Services). Ordinarily, for the sake of efficiency and to avoid requiring plaintiff to file a further amended

---

[1] As is relevant in this case, pursuant to Rule 17 of the Federal Rules of Civil Procedure, to determine whether a party that is neither an individual nor a corporation has the "[c]apacity to sue or be sued," the court looks to "the law of the state where the court is located[.]" Fed. R. Civ. P. 17(b)(3).

complaint, I would recommend that Broome County be automatically substituted as a defendant for defendant DSS. For the reasons set forth below, however, I have determined that the more appropriate recommendation is dismissal of defendant DSS without substitution of Broome County in its place.

A municipal entity may be held accountable for a constitutional violation that has occurred pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers . . . [or] pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). Municipal liability can be established in various ways, including through "proof of an officially adopted rule or widespread, informal custom[] [demonstrating] 'a deliberate government policy or failing to train or supervise its officers.'" *Bruker v. City of N.Y.* 337 F. Supp. 2d 539, 556 (S.D.N.Y. 2004) (quoting *Anthony v. City of N.Y.*, 339 F.3d 129, 140 (2d Cir. 2003)). A plaintiff may also show that the allegedly unconstitutional action was "taken or caused by an official whose actions represent an official policy," *Jeffes v. Barnes,* 208 F.3d 49, 57 (2d Cir. 2000), or when municipal officers have acquiesced in or condoned a

known policy, custom, or practice that violates federal law. *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 126 (2d Cir. 2004); *see also Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007) ("*Monell*'s policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions.").

    In this case, there are no facts in the amended complaint alleging that defendant DSS, Broome County, or any of the individually named defendants employed by defendant DSS acted pursuant to a policy or custom promulgated by the county. Indeed, as alleged in the amended complaint, none of the actions taken by any of the named defendants are attributed to a policy or custom promulgated by Broome County. Accordingly, although judicial efficiency might otherwise condone automatic substitution of Broome County in place of defendant DSS, because there are no allegations in the amended complaint that give rise to a cognizable constitutional claim against that municipal entity, I recommend defendant DSS be dismissed without substitution.

C. Plaintiff's Fifth Amendment Claim

Plaintiff's Fifth Amendment claim arises out of an allegation that he "had a court appointed lawyer," who recommended to him that he "ple[a]d guilty and sign [his] children over." Dkt. No. 5 at 12. Plaintiff alleges that he refused to plead guilty but his children "were still [taken]." *Id.* Even liberally construed, these allegations are not sufficient to give rise to a Fifth Amendment cause of action. The Fifth Amendment to the United States Constitution provides as follows:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V. It is not clear from plaintiff's amended complaint which clause of the Fifth Amendment is intended to be triggered by the allegations supporting that claim, and it is otherwise unclear how the allegations relate in any respect to the amendment or how the named defendants were involved in whatever violation might be alleged. Moreover, to the extent that plaintiff intended this claim to be asserted

11

against his "court appointed lawyer," plaintiff has already been instructed that court-appointed attorneys do not act under color of state law, which is a prerequisite to any claim asserted under 42 U.S.C. § 1983. Dkt. No. 4 at 14 (citing *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005)). For these reasons, I recommend that plaintiff's Fifth Amendment claim be dismissed.

### D. Plaintiff's Remaining Claims

As for plaintiff's remaining causes of action arising under the Fourth and Fourteenth Amendments, mindful of the court's obligation to liberally construe *pro se* litigants' pleadings, I recommend that, with the exception of defendant DSS, all defendants be required to respond to plaintiff's amended complaint.[2]

## III. SUMMARY AND RECOMMENDATION

While plaintiff's amended complaint continues to suffer from some defects with respect to defendant DSS and his Fifth Amendment claim, the remaining defendants should be made to respond to plaintiff's remaining

---

[2] In rendering this recommendation, I note that, as compared to plaintiff's original complaint, the amended complaint does not focus upon or appear to squarely challenge any state court determination terminating or modifying plaintiff's parental rights. Instead, the allegations in plaintiff's amended complaint address allegedly false allegations of child abuse and maltreatment rendered against him by the defendants and seeks only monetary damages as relief. Accordingly, at least when construing the amended complaint to raise the strongest possible claims, I do not find that the allegations implicate either the *Rooker-Feldman* doctrine or the domestic-relations exception discussed in my first report with respect to plaintiff's original complaint. *See* Dkt. No. 4 at 7-11.

Fourth and Fourteenth Amendment causes of action. Accordingly, it is hereby respectfully

RECOMMENDED that plaintiff's amended complaint (Dkt. No. 5) be accepted for filing and all defendants, except for defendant Department of Social Services, be directed to respond to plaintiff's Fourth and Fourteenth Amendment claims; and it is further

RECOMMENDED that all claims asserted against defendant Department of Social Services be DISMISSED and that the clerk of the court terminate the Department of Social Services as a defendant; and it is further

RECOMMENDED that plaintiff's Fifth Amendment claim asserted against all defendants be DISMISSED.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[3] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

---

[3]   If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

The clerk of the court is respectfully directed to serve a copy of this report, recommendation, and order on plaintiff in accordance with the local rules of practice for this court.

Dated: July 13, 2017
       Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge